UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

| | |
|---|---|
| **JOSHUA LEE LYON** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 5:02CV-P53-R** |
| **KENTUCKY STATE PENITENTIARY** | **DEFENDANT** |
| and | |
| **JOSHUA LEE LYON** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 5:03CV-P10-R** |
| **TOM SIMPSON,** *et al.* | **DEFENDANTS** |

**OPINION AND ORDER**

This matter is before the court on the plaintiff's motion to consolidate payment of his filing fees for fees incurred in Civil Action Nos.: 3:02CV-P122-H, 5:02CV-P53-R, and 5:03CV-P10-R.[1] He claims once deductions are made from his account for these fees and for costs assessed by the institution, he has no money for personal hygiene items and writing material.

Prisoners are required to pay the filing fee for initiating a civil rights action in federal court. *See* 28 U.S.C. § 1915(b). After paying an initial partial filing fee, the statute requires an inmate "to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" when the account exceeds $10.00  *Id.*  As the Seventh Circuit Court of Appeals noted, § 1915 "does not tell us whether the 20 percent-of-income payment is per case or per prisoner." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) *overruled in other part by Walker v. O'Brien*, 216 F.3d 626, 628-29 & n.1 (7th Cir. 2000) and by *Lee v. Clinton*, 209 F.3d

---

[1] This court will address only those cases assigned to the undersigned.

1025, 1026-27 (7th Cir. 2000).  And, the Second Circuit opined that "the simultaneous collection of multiple encumbrances could potentially expose 100 percent of a prisoner's income to recoupment."  *Whitfield v. Scully*, 241 F.3d 264, 276 (2d Cir. 2001).

In the end, however, the appellate courts have split on whether consolidation of fees is permitted under 28 U.S.C. § 1915.  *Atchinson v. Collins*, 288 F.3d 177 (5th Cir. 2002) (requiring simultaneous payments of multiple filing fees); *Lefkowitz v. City-Equity Group, Inc.*, 146 F.3d 609 (8th Cir. 1998) (same); *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) (same); *but see Whitfield v. Scully*, 241 F.3d 264 (2d Cir. 2001) (holding that filing fees incurred by prisoners are to be recouped sequentially as opposed to simultaneously).

The Sixth Circuit has not directly addressed this issue.  In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the appellate court did, however, set forth specific directions for assessing inmate accounts and collecting the filing fees thereafter.  With respect to remitting payments on a monthly basis, the court stated that "the [inmate's] custodian ... shall submit twenty person (20%) of ... the preceding monthly income accredited to the account...until the full fees of one hundred and fifty dollars ($150) have been paid to the clerk of this court."  *Id.* at 607.  At the time *McGore* was decided, the filing fee for initiating a civil action was $150.  Thus, *McGore* implicitly recognizes that the fees are to be paid on a per case basis as opposed to per prisoner.  Until the Sixth Circuit explicitly directs otherwise, the court will allow payments made to the court under § 1915 to be made on a "per case" basis.

Accordingly, the plaintiff's motion to consolidate payment of the filing fees is **DENIED**.

Though the court ruled against the plaintiff, it certifies that an appeal *would be* taken in good faith. 28 U.S.C. § 1915(g). This certification does not absolve the plaintiff of paying the appellate filing fee. *McGore*, 114 F.3d at 610. In the event that the plaintiff wishes the file an appeal, he will be required to pay the filing fee. *Id.* This court's "good faith" determination, however, will assist the appellate court with reviewing the merits of any such appeal. *Id.*[2]

This is a final and appealable order.

Date:

cc:    Plaintiff
       4413.002

---

[2]If the plaintiff decides he wants to appeal this court's decision, he should consider filing an appeal in only *one* of the civil actions so that he does not incur multiple appellate filing fees.